23303. KAYLOR *v.* BOLTON.

STEPHENS, J. 1. Where a contract in writing recites that the party of the first part has this day transferred to the party of the second part shares of stock in a designated corporation and the party of the second part agrees to deliver described property to the party of the first part and to execute a series of promissory notes to the party of the first part for the payment of the purchase-money for the stock, there is a failure of consideration for the execution of the notes in the fact that the stock was never delivered to the defendant.

2. In a suit by the party of the first part in such a contract against the

party of the second part, to recover on the notes, where the defendant pleaded a failure of consideration in that the stock had not been transferred and delivered to him, it was error for the court to exclude evidence that the stock had never been delivered to the defendant, upon the ground that the evidence was as to a matter in parol which was in contradiction of the written contract.

3. Where the sole consideration for the execution of the notes, as expressed in the contract was the transfer of stock to the defendant, a parol agreement as to the transfer to the defendant of the rights in any contract which the corporation may have had with another person, was properly excluded as being in contradiction to the terms of the written contract.

4. Where it was further pleaded by the defendant that the execution of the notes was procured by an alleged false and fraudulent representation made to the defendant by the plaintiff that the corporation for whose shares of stock the notes had been given, which was a corporation engaged in operating trucks for hauling, had a contract for a period of one year with another person to haul freight, no fraud was established where it did not appear from the evidence that the plaintiff represented to the defendant that the corporation had a contract with another which was to run for any period of time, but where it appeared from the testimony of the defendant that the representation which the plaintiff made was that the corporation "was engaged in working" for the person with whom it was alleged in the plea, the corporation had a contract, and which the defendant in his testimony characterized as a "contract," and where it did not elsewhere appear from the evidence adduced or offered that the plaintiff made any such representation as alleged in the plea, and the testimony of the plaintiff that he told the defendant before the notes were executed that the plaintiff had a "verbal contract" with the person with whom it was alleged in the plea the corporation had a contract to do hauling, and that the plaintiff told the defendant to go to the other person and ascertain for himself whether this person would "allow him to haul on this contract," and that the plaintiff "guaranteed nothing as to the contract," and none of this evidence was contradicted or disputed, the evidence was not sufficient to authorize a finding that the execution of the notes sued on, or the contract executed by the defendant for the purchase of the corporate stock, was induced by the fraud of the plaintiff.

5. There being no evidence adduced or offered tending to show that the plaintiff made any representation as to the existence of any contract for a year, it was harmless to the defendant to exclude any evidence offered tending to show that the corporation had no contract with the person with whom it was alleged the corporation had a contract to do hauling.

6. The court erred in excluding testimony to the effect that the consideration for the notes had failed, and in afterwards directing a verdict for the plaintiff.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 1, 1934.

*Smith & Millican,* for plaintiff in error.
*Samuel J. Boykin,* contra.